**Proskauer»** Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

R E C E I V E D
APR - 5 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

March 29, 2011

<u>**VIA FASCIMILE (609) 989-0435**</u>

Honorable Tonianne J. Bongiovanni
United States Magistrate Judge
Clarkson S. Fisher Building & Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608

Michael T. Mervis
Member of the Firm
d 212.969.3565
f 212.969.2900
mmervis@proskauer.com
www.proskauer.com

Re:   SPD Swiss Precision Diagnostics GmbH v. Church & Dwight Co., Inc., Case Nos. 09-01802, 10-00276 and 10-00453 (FLW)(TJB)

Dear Judge Bongiovanni:

We represent Church & Dwight Co., Inc. ("Church & Dwight") in the above-referenced consolidated actions. We are writing to request the Court's assistance in resolving two disputes that have arisen concerning (1) the schedule for expert discovery and dispositive motions and (2) the location for depositions of those SPD Swiss Precision Diagnostics GmbH ("SPD") witnesses who reside in Switzerland and the United Kingdom.

**<u>Expert Discovery Schedule And Dispositive Motion Deadline</u>**

During the parties' March 10, 2011 telephonic status conference, the Court extended the fact discovery cut-off to July 31, 2011. However, the parties inadvertently failed to address with the Court the need for a corresponding extension of the expert discovery schedule and the deadline for dispositive motions. Church & Dwight proposes that the expert discovery schedule and dispositive motion deadline be extended as follows:

*[Handwritten: Granted Extension]*

1. Exchange of opening expert reports by August 31, 2011 (30 days from the end of fact discovery).

2. Exchange of rebuttal expert reports by September 30, 2011.

3. All expert discovery to be completed by November 15, 2011.

4. Dispositive motions to be filed by December 15, 2011.

So Ordered this __5__ day of ___April___, 20_11_
*[signature]*

The length of this proposed extension is consistent with the length of the extension of the fact discovery period that the Court approved on March 10. The proposed extended expert discovery schedule and dispositive motion deadline are also consistent with the timing provided for in the prior schedule that was agreed to by the parties (*i.e.*, opening expert reports would be exchanged one month after the close of fact discovery, rebuttal expert reports would be exchanged one month later, and the parties would then have six weeks after the service of rebuttal reports to conduct expert depositions and a month to file dispositive motions).

## Proskauer»

Honorable Tonianne J. Bongiovanni
March 29, 2011
Page 2

Church & Dwight has attempted to reach an agreement on this extension request with SPD, but to no avail. Although SPD agrees that there should be an extension of the expert discovery schedule and dispositive motion deadline, SPD now wants to do away with the 30-day period between the close of fact discovery and the exchange of initial expert reports. SPD now insists that initial expert reports should be served on the same day that fact discovery ends.[1] This makes no sense.

First, a 30-day period between the close of fact discovery and the exchange of initial expert reports is typical and -- as the parties previously recognized in the prior discovery schedule they both agreed to -- warranted in this case. The 30-day period will allow the parties and their experts a reasonable amount of time to consider all of the information adduced during fact discovery including, as often happens, discovery obtained at or near the end of the fact discovery period. Second, SPD's proposed schedule will almost certainly result in inefficiency and disputes. Having expert reports due on the day that fact discovery ends will make it very difficult, if not impossible, to include in the expert reports factual information that is produced at or near the close of fact discovery. This, in turn, will increase the possibility that the parties will have to submit supplemental expert reports and/or that disputes will arise as to what is and is not properly included in the reports.

Accordingly, Church & Dwight respectfully requests that the Court extend the expert discovery and dispositive motion deadlines in the manner proposed by Church & Dwight.

### Deposition Location for SPD's Witnesses

Most, if not all, of the SPD employees who are likely deposition witnesses in this litigation are located in SPD's Geneva, Switzerland and Bedford, England facilities. SPD takes the position that it has no obligation to bring these witnesses to this District for their depositions. Rather, SPD insists that counsel for the parties should be made to travel to London for the depositions. Church & Dwight respectfully submits that all party depositions should take place in this District (or, alternatively, in New York City).

This litigation was initiated by SPD, not Church & Dwight. Having filed suit in the United States, SPD should not be heard to argue that it is inconvenient for its witnesses to travel here for their depositions. *See South Seas Catamaran, Inc. v. The Motor Vessel "Leeway"*, 120 F.R.D. 17, 21 (D.N.J. 1988) (stating general rule that a corporate plaintiff must produce its agents and representatives in the district in which it brought suit).[2] Further, New Jersey and New York City

---

[1] SPD's proposed schedule has the parties exchanging expert reports on July 31, 2011; exchanging rebuttal reports on August 31, 2011; completing all expert discovery by October 14, 2011 and filing dispositive motions by November 15, 2011.

[2] Although SPD initiated this litigation in California, it was transferred to this District and, accordingly, this District should be considered as the district in which the litigation was brought. As the California court noted in its transfer order, New Jersey is a more convenient location for SPD's witnesses than is California. Transfer Order (Ex. 1 hereto) at 5.

# Proskauer»

Honorable Tonianne J. Bongiovanni
March 29, 2011
Page 3

are roughly half-way between San Francisco, California (where SPD's lead counsel is based) and Bedford or Geneva (where the SPD witnesses are located). Notably, in an effort to reach a compromise, Church & Dwight suggested that it would be willing to pay for half of the witnesses' travel expenses to the New Jersey/New York City area. SPD rejected this overture.

* * * * * * *

Church & Dwight is available for a conference to address these issues with the Court at the Court's convenience.

Respectfully submitted,

Michael T. Mervis

cc: SPD's Counsel of Record