

# COBLENTZ, PATCH, DUFFY & BASS LLP ATTORNEYS AT LAW

One Ferry Building . Suite 200  main: 415.391.4800
San Francisco, California  fax:  415.989.1663
94111-4213  web: www.coblentzlaw.com

Jeffrey G. Knowles
Direct: 415.772.5795
Email: jgk@coblentzlaw.com

April 1, 2011

**VIA FACSIMILE (609) 989-0435**

Honorable Tonianne J. Bongiovanni
United States Magistrate Judge
Clarkson S. Fisher Building & Courthouse
402 East State Street, Room 2020
Trenton, New Jersey 08608



RECEIVED APR -5 2011 AT 8:30 WILLIAM T. WALSH CLERK

Re: **SPD Swiss Precision Diagnostics GmbH v. Church & Dwight Co., Inc., et al.**; Case Nos.: 09-01802; 10-00276; 10-00453 (FLW)(TJB)

Dear Judge Bongiovanni:

As you know, this office represents SPD Swiss Precision Diagnostics, GmbH ("SPD"). I write in response to the March 29, 2011, letter to you from Michael Mervis, counsel for Church & Dwight Co., Inc. ("C&D).

Having considered C&D's position with regard to the overall discovery schedule, and having encountered greater than anticipated difficulties scheduling depositions, SPD is prepared to stipulate to the extension of time to complete discovery C&D requests. With respect to the location of depositions, however, SPD respectfully submits that C&D's position is ill-founded.

The crux of C&D's argument is that SPD, as plaintiff, chose the forum, and therefore any and all witnesses affiliated with SPD, regardless of their role or their location in various places in the UK and Europe, must appear in New Jersey to give depositions. As explained below, the law is clear that at least two of the four deposition witnesses C&D has identified to date simply cannot be compelled to appear in New Jersey and must be deposed, if at all, in the UK. In any case, SPD did not choose the forum and is not properly characterized as the plaintiff for purposes of these depositions: C&D defeated SPD's choice of forum, transferring the first-filed case to the location of C&D's primary place of business, where it proceeded to initiate new litigation against SPD. The compromise SPD has proposed – to hold all four UK and European witnesses' depositions in London – is by far the most efficient and fairest approach to deposition location.

### Procedural Background

At present, three cases involving SPD and C&D are pending in the District of New Jersey. SPD filed the first case in the Northern District of California, challenging

13277.001.1715952v1



Honorable Tonianne J. Bongiovanni
April 1, 2011
Page 2

certain C&D advertising under the Lanham Act. C&D persuaded the California court to exercise its discretion under 28 U.S.C. 1404(a) to transfer the case to the District of New Jersey, the location of C&D's primary place of business. Shortly after the transfer, C&D counterclaimed against SPD, asserting a host of Lanham Act claims challenging SPD's advertising. Subsequently, C&D filed two new lawsuits against SPD in the District of New Jersey: one for declaratory relief under the Lanham Act and one alleging that SPD had tortiously interfered with C&D's prospective economic advantage by purportedly disparaging Dr. Laurence Cole, an expert used by C&D, in communications to the publisher of the magazine *Consumer Reports*. According to C&D's complaint, this purported disparagement resulted in the cancellation of a contemplated *Consumer Reports* article that would have published the results of a study involving Dr. Cole that would have been favorable to C&D. All three cases have been consolidated for discovery purposes.

To date, C&D has informally identified four witnesses it would like to depose: (1) Hilde Eylenbosch, the former CEO of SPD, who is no longer employed by SPD and lives in Belgium; (2) Sarah Johnson, an employee of a SPD subsidiary who lives and works in Bedford, England (about 60 miles outside London); (3) Pauline Parkinson, also a subsidiary employee who lives and works in Bedford, England; and (4) Stewart Wilson, SPD's director of research and development, who lives and works near Geneva, Switzerland. C&D has also indicated that it expects to notice a corporate deposition under Rule 30(b)(6), but it has not yet done so, nor has it informally identified the topics it expects to specify in its corporate deposition notice. Finally, C&D has made clear that it is likely to seek depositions of other, relatively low-level employees of SPD who are likely to be located in the UK.

Despite the location of these and other likely witnesses in various locations in Europe and the UK, and despite clear law (explained below) that at least the UK witnesses cannot be compelled to appear for deposition more than 100 miles from where they live or work, SPD offered a compromise that would, by far, be the most efficient and least burdensome approach to designating the location of those depositions: SPD would make all four witnesses available on mutually agreeable (presumably consecutive) dates in London, UK. SPD even proposed to bear the full cost of travel to that location for all four of these witnesses. C&D acknowledged that its counsel has offices in London, but nonetheless rejected this compromise.[1]

*{Granted}*

---

[1] SPD made this compromise proposal reserving all rights. In the event C&D rejects it, which it has, SPD remains entitled to insist on proper service of subpoenas and/or deposition notices, as applicable, and to seek appropriate relief by motion as provided in the Federal Rules of Civil Procedure.

13277.001.1715952v1


COBLENTZ,
PATCH, DUFFY
& BASS LLP ATTORNEYS AT LAW

Honorable Tonianne J. Bongiovanni
April 1, 2011
Page 3

Instead, C&D insists that, just as it selected the forum for prosecuting its claims against SPD and defending the claims SPD filed in California, it should be able to force these witnesses to come to C&D in New Jersey (or to its counsel in New York). In support of this request, C&D invokes what it characterizes as the "general rule" that plaintiffs' "representatives" may be deposed in the district where the action is pending, citing *South Seas Catamaran, Inc., v. The Motor Vessel "Leeway"*, 120 F.R.D 17 (D.N.J. 1988).

### Legal Discussion

C&D has mischaracterized the applicable law. Depending on the relationship of the witness to the parties, a dispute over the proper place of a deposition is governed by either Federal Rule of Civil Procedure 45(c)(3)(A)(iii)) or Rule 26(c)(1)(B). If the person to be deposed is not a party to the action or an officer or managing agent of a party, Rule 45 controls. For such non-parties – even employees of a party – only a properly served subpoena will compel attendance of the witness. More to the point, Rule 45(c)(3)(A)(iii) is clear that a subpoena must be quashed, on timely motion, if it "requires a person who is neither a party nor party's officer to travel more than 100 miles from where that party resides, is employed, or regularly transacts business in person." *See Generale Bank Nederland NV v. First Sterling Bank*, 1997 WL 778861 (E.D. Pa 1997)(court refused to compel appearance of corporate plaintiff's European employees for deposition in forum district because, under Rule 45(c)(3)(A)(iii), employees could not be forced to travel more than 100 miles).

In *State National Ins. Co. v. The County of Camden*, 2010 U.S. Dist. LEXIS 65142 (D.N.J. 2010), this Court concluded that non-party witnesses affiliated with the plaintiff corporation could not be ordered to appear for depositions in New Jersey because:

> cases make it clear that a court must quash any subpoena that calls for a deposition beyond the 100-mile limit for non-party witnesses. Indeed, no other result is available as the rule itself requires such action by the court if a motion to quash is filed.

*Id.; see also United States v. Ernstoff*, 1998 U.S. Dist. LEXIS 21181 (D.N.J. 1998) (witnesses affiliated with plaintiff United States could not be compelled to appear for deposition in New Jersey because, "[a]ltough in the usual case a plaintiff will not be heard to complain about having to appear for a deposition in the forum it has chosen, the parties giving the depositions in this case are not parties to the case").



Honorable Tonianne J. Bongiovanni
April 1, 2011
Page 4

Here, at a minimum, the UK witnesses C&D has identified to date are protected under Rule 45(c)(3)(A)(iii). Pauline Parkinson is Clinical Affairs Manager for SPD Development Company Limited, a subsidiary of SPD. Sarah Johnson is Medical Affairs Manager for the same subsidiary. Neither of these people are officers – or even employees – of SPD, and none possesses responsibilities that would qualify them as "managing agents" for SPD. See *Philadelphia Indemnity Co. v. Federal Insurance Co.*, 215 F.R.D. 492 (E.D. Pa. 2003)("we are not satisfied that [corporate party's employee] had authority to act and make decisions on [corporate party's] behalf and, therefore cannot order her to appear for a deposition in this district"). Moreover, neither witness resides, is employed or regularly transacts business in person within 100 miles of New York or New Jersey. Accordingly, while C&D has yet to serve any subpoenas on anyone, any such service seeking to compel the appearance of these individuals in New York or New Jersey would be quashed upon the prompt motion each of these individuals would bring. See *Generale Bank Nederland NV v. First Sterling Bank*, 1997 WL 778861 (E.D. Pa 1997)( "although the defendant has not subpoenaed the deponents, an attempt to do so would be futile" under Rule 45(c)(3)(A)(iii)).

In short, C&D simply cannot compel the appearance in New York or New Jersey of at least two of the four witnesses it has so far identified. In all likelihood, there will also be other depositions it must take in the UK. C&D's counsel will be required to travel to the UK for at least two depositions, and very likely more. It makes no sense *not* to have the other European witnesses' depositions there.

Assuming for the sake of discussion only that Mr. Wilson and Ms. Eylenbosch are party witnesses for these purposes, the applicable law would not favor C&D's insistence that they be forced to travel from Geneva and Belgium to New Jersey or New York.[2] While an unchallenged deposition notice is sufficient to compel attendance of a party or its officer or managing agent, Rule 26(c)(1)(B) confers broad discretion on the court hearing a motion contesting the designated location. See generally 8A C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* (3d Ed.) §2112 (collecting cases regarding courts' discretion to determine place of party depositions under Rules 26 and 30); *see also State National*, 2010 U.S. Dist. LEXIS at 65142(contrasting broad discretion under Rule 30 and restraint on discretion under Rule 45((c)(3)(iii)).

---

[2] As noted, Ms. Eylenbosch is no longer employed by SPD, but she serves on the company Board of Directors and attends four meetings per year, typically two in Geneva and two by teleconference. Whether or not this makes her a party witness, it is far from clear that Mr. Wilson is subject to deposition without a subpoena. Despite his technical title as Chief Technology Officer for the company, Mr. Wilson is not a corporate officer. Whether he is a "managing agent" would therefore turn on fact-intensive analysis that such an inquiry entails. SPD's position is that he is not a managing agent.

13277.001.1715952v1



Honorable Tonianne J. Bongiovanni
April 1, 2011
Page 5

Moreover, the "general rule" C&D invokes does not apply here, for reasons explained in the Wright & Miller treatise:

> The basis for requiring plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum. This argument is of lessened persuasiveness with the growing use of motions under section 1404(a) of the Judicial Code to transfer litigation to a more convenient forum. If plaintiff has sued in a court far distant from home because the transactions in question occurred in that district, and a suit elsewhere would probably have been transferred in any event, the usual rule requiring plaintiff to come to the forum for his or her deposition seems inappropriate. And if the plaintiff had no choice of forum to begin with, there seems very little reason to give weight to the selection of the forum as against facts indicating another place for taking the deposition would be more just.

8A C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* (3d Ed.) §2112 at 531-32.

The party who selected the forum in these cases was C&D, not SPD. In fact, C&D invoked section 1404(a) to *defeat* SPD's choice of forum in favor C&D's choice, and then proceeded to initiate its own, entirely new litigation against SPD in C&D's preferred forum. C&D no doubt proposes to examine the identified witnesses about its own affirmative claims at least as much as it would about claims SPD is asserting. For example, Hilde Eylenbosch is unlikely to have material information on the Lanham Act cases (which revolve around technical substantiation of advertising claims), but C&D has alleged in its tortious interference case that Ms. Eylenbosch once tried to retain on SPD's behalf the expert that SPD allegedly disparaged. In fact, most of the evidence relevant to SPD's challenge to C&D's advertising will be in C&D's possession, not SPD's.

In short, it is simply wrong to say SPD chose the forum, and it is profoundly misleading to characterize SPD as the plaintiff in the context of these depositions. The "choice of forum" issue, if it has any weight at all, weighs against C&D.

Since the "general rule" C&D invokes does not apply to SPD's disfavor, a different principle presumptively controls: that "the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." *Id.* at 533; *see also Philadelphia Indemnity Co. v. Federal Insurance Co.*, 215 F.R.D. 492 (E.D. Pa. 2003). ("the deposition of a corporate officer or employee should usually take


COBLENTZ,
PATCH, DUFFY
& BASS LLP ATTORNEYS AT LAW

Honorable Tonianne J. Bongiovanni
April 1, 2011
Page 6

place at the corporation's principal place of business or, courts have held, at his place of business or employment"). In any event, "[a] district court has great discretion in designating where a deposition is to take place and each case is to be considered on its own facts and equities." *Luther v. Kia Motors America*, 2009 WL 1727909 (W.D. Pa. 2009). Factors that courts consider in exercising their discretion include "the parties' convenience and relative hardships to attend the designated depositions," "cost of transportation and lost work," and "whether the parties' counsel are located in the forum district." *Id.*

Against this background, both the law and the specific circumstances powerfully favor the compromise proposed by SPD. All four witnesses would travel, at SPD's expense, to a location easily accessible by all concerned. Instead of four witnesses (and at least one lawyer) traveling from disparate locations to New York or New Jersey, losing significant time away from their duties, only one lawyer for C&D would have to take a single seven-hour flight to a city where his firm has an office. *Compare Dollar Systems, Inc. v. Tomlin*, 102 F.R.D. 93 (M.D. Tenn. 1984)(rejecting defendant's attempt to force three of corporate plaintiff's officers and agents to appear in forum district in part because "[o]bviously, it would be considerably more expensive for the plaintiff to bring its three officers and agents to this District than for defendant to send his counsel to the West Coast"). Even for SPD's San Francisco-based counsel, the difference between a taking a flight to New York and taking a flight to London is marginal – about 5 hours and a few hundred dollars.

SPD respectfully submits that, unless C&D is prepared to accept a compromise that is both efficient and generous, the alternative is a cumbersome legal process and motion practice, followed by a less efficient deposition schedule. SPD welcomes the opportunity to discuss this further with the Court.

*[Handwritten: Having reviewed the respective positions of the parties, the Court adopts the proposal of SPD as outlined on page 2 herein.]*

Sincerely yours,

Jeffrey G. Knowles

JGK:cyf

cc: Counsel for Church & Dwight Co., Inc. (via e-mail)
David E. Delorenzi (via e-mail)
Carrie A. Longstaff (via e-mail)

So Ordered this __5__ day of __April__, 20__11__

13277.001.1715952v1