UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

January 5, 2012

**LETTER ORDER**

**Re:**  SPD Swiss Precision Diagnostics GmbH v. Church & Dwight Co., Inc.
Civil Action No. 09-1802 (FLW)

Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics GmbH
Civil Action No. 10-276 (FLW)

Dear Counsel:

As you are aware, pending before the Court is the parties' dispute concerning the scope of Dr. Bill E. Lasley, Ph.D.'s ("Dr. Lasley") deposition. SPD Swiss Precision Diagnositcs, GmbH ("SPD) sought to question Dr. Lasley concerning the basis of his written advice to Church & Dwight Co., Inc. ("Church &Dwight") regarding the proper method for determining the date of a woman's expected menstrual period ("EMP"). Church & Dwight objected to SPD's proposed line of questioning and instructed Dr. Lasley not to answer SPD's questions.

After reviewing the parties' arguments, the Court finds that SPD may appropriately question Dr. Lasley about the advice he gave to Church & Dwight concerning the proper method for determining EMP. SPD may question Dr. Lasley both about the opinions he gave to Church & Dwight as well as his bases for those opinions, including his understanding of what is meant by the phrase "luteal phase." SPD's questioning may relate to opinions expressed by Dr. Lasley to Church & Dwight pre-litigation and may also focus on the substance of the declarations submitted by Dr.

Lasley as part of Church & Dwight's cross motion for a preliminary injunction and opposition to SPD's motion for a preliminary injunction.

To the extent Church & Dwight believes that the information being elicited by SPD inappropriately calls for an expert opinion, Church & Dwight may raise this objection during Dr. Lasley's deposition. Indeed, it is not the Court's intention at this time to address the admissibility of the information elicited from Dr. Lasley and the Court makes no determination regarding the validity of the aforementioned objection or any other potentially raised by Church & Dwight. Church & Dwight may not, however, instruct Dr. Lasely to refrain from answering questions about the advice he gave to Church & Dwight concerning the proper method for determining EMP or the bases for his opinions expressed to Church & Dwight related to this topic.

While the Court leaves it to the parties to re-schedule Dr. Lasley's deposition, the Court suggests that the parties consider reconvening via a video or telephone deposition. Lastly, the Court does not find that the imposition of sanctions is warranted at this time.

**IT IS SO ORDERED.**

s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**