UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

January 6, 2012

**LETTER ORDER**

**Re:**  SPD Swiss Precision Diagnostics GmbH v. Church & Dwight Co., Inc.
Civil Action No. 09-1802 (FLW)

Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics GmbH
Civil Action No. 10-276 (FLW)

Dear Counsel:

As you are aware, several discovery issues have been raised with the Court over the past few months. The last remaining issue involves SPD Swiss Precision Diagnostics GmbH's ("SPD") request to dedesignate certain documents marked by Church & Dwight Co., Inc. ("Church & Dwight") as "Confidential" or "Highly Confidential" under the terms of the parties' Stipulated Protective Order, which the Court entered in these matters. Specifically at issue are approximately 30 documents, which generally relate to the following three categories of documents: (1) consulting between Dr. Laurence Cole and Church & Dwight; (2) drafts of manuscripts intended for publication(most of which were authored by Dr. Cole) exchanged between Dr. Cole and Church & Dwight; and (3) documents referring to a study commissioned by Consumers Union for contemplated publication in the magazine *Consumer Reports*.

SPD seeks to have the subject documents dedesignated arguing that Church & Dwight has failed to establish that the documents warrant any type of confidential treatment. As such, SPD

claims that the subject documents were improperly designated under the terms of the Stipulated Protective Order. Church & Dwight, however, claims the subject documents are marked either "Confidential" or "Highly Confidential" because the documents all relate to a confidential consulting relationship, the details of which, such as its financial terms, the work performed by the consultant, Church & Dwight's internal communications concerning the consultancy and consultant, and communications between the consultant and Church & Dwight, would never have been disclosed to SPD absent this litigation.

The Court has reviewed the actual documents in dispute, as well as the voluminous arguments raised by SPD in support of and Church & Dwight in opposition to dedesignating the subject documents. In light of SPD's arguments that the subject documents were improperly designated under the Stipulated Confidentiality Order, the Court has reviewed each document at issue to determine whether good cause exists to continue to protect same. In making this determination the Court considered Church & Dwight's reliance on the Stipulated Protective Order in producing the subject documents (*see Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994)) as well as other facts such as

> 1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91).

Based on these factors, the Court finds that good cause exists for the continued protection of the subject documents. Specifically, the Court finds that Church & Dwight has never publicly disclosed the subject documents, but instead has always treated them as confidential. As such, if the subject documents were now made available to the public, Church & Dwight's privacy interests would be violated. Moreover, the Court finds that despite SPD's arguments to the contrary, Church & Dwight has a legitimate interest in maintaining the confidentiality of the subject documents, which, among other things, disclose information concerning the consultancy between Dr. Cole and Church & Dwight, including the financial terms of the consultancy as well as negotiations regarding same, the scope of the consultancy, the work performed by the consultant, Dr. Cole, Church & Dwight's internal communications concerning Dr. Cole and his consultancy, and communications between Dr. Cole and Church & Dwight concerning the consultancy.

Furthermore, while SPD claims that it seeks to dedesignate the subject documents in part to protect the public's interest, the Court is not persuaded that the public's interest, especially that of the scientific and academic community, in the disclosure of the financial relationship between Dr. Cole and Church & Dwight, a commercial entity selling diagnostic products to consumers, warrants the dedesignation of the subject documents. While the Court appreciates the fact that the public indeed has an interest in knowing whether an allegedly independent scientist has a financial relationship with a company that has a commercial interest in that scientist's work, the Court finds that disclosure of the subject documents is not necessary to protect that interest here. Instead, to the extent SPD believes that it is necessary to correct the record with respect to Dr. Cole's publications in light of his consultant work with Church & Dwight, it appears perfectly capable of doing so without utilizing the subject documents. Further, the Court finds that given SPD's intended use of

the subject documents, Church & Dwight will not only be embarrassed, but will likely suffer a competitive injury, if the documents are dedesignated and SPD is permitted to disclose same to the public.

In addition, while the public may have an interest in some of the information contained in the subject documents, the Court finds that the specific documents which SPD seeks to dedesignate are not important to public health or safety. Here neither SPD nor Church & Dwight are public entities. Instead, this matter involves private litigants and while the false advertising claims at issue may be of some interest to the public, the Court finds that as of yet these claims remain only allegations and, at this juncture, this litigation does not involve issues that are markedly important to public concern.

Finally, the Court again notes that Church & Dwight only produced the subject documents to SPD because SPD instituted this lawsuit against them. Moreover, Church & Dwight relied on the Stipulated Protective Order in producing same. Given their marginal relevance, if any, to this litigation, the Court finds that it would be particularly unfair under the circumstances presented here to dedesignate the documents. Indeed, if Church & Dwight knew that dedesignation was a real concern, they may very well have chosen not to produce the documents and risk the time and expense of an argument concerning whether the subject documents are in fact relevant to this litigation and therefore subject to discovery.[1]

---

[1] The Court notes that the subject documents have, in fact, been shared among the litigants in this case. Thus, this is not a situation where the Court is concerned about a party to the litigation being denied access to same. Church & Dwight produced the subject documents to SPD and SPD is free to use them as part of this litigation.

As a result, on balance the Court finds that the subject documents are entitled to the confidentiality designations Church & Dwight assigned them pursuant to the parties' Stipulated Protective Order.  Consequently, SPD's request to dedesignate same is DENIED.

    **IT IS SO ORDERED.**

    **IT IS FURTHER ORDERED THAT A TELEPHONE CONFERENCE SHALL TAKE PLACE ON <u>JANUARY 25, 2012 AT 11:00 A.M.</u>  COUNSEL FOR SPD SHALL INITIATE THE CALL.**

<u>s/ Tonianne J. Bongiovanni</u>
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**